**John R. COLLINS, II, et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 75–1229**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

June 20, 1975.

Rehearing Denied July 17, 1975.

Erwin A. Friedman, Bruce A. Howe, Savannah, Ga., for plaintiffs-appellants.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Acting Chief, App. Sec., Leonard J. Henzke, Jr., Daniel F. Ross, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal requires that we consider whether the district court, presented

---

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

with cross-motions for summary judg-ment on stipulated facts, was correct when it granted summary judgment for the United States in these consolidated income tax refund suits.

The question involved is whether (A) Bencap, Inc., a corporate entity formed for the single purpose of obtaining a temporary loan during construction of an apartment project—because the only loan money available would have been at a usurious rate under state law if made to the individuals carrying out the project—was a taxable entity required to report as its own income and expenses generated by the construction project, or (B) whether the six individual principals of the corporation, plaintiffs-appellants here, are entitled to ignore the corporate structure and report the income and expenses as their own.

The parties stipulated before the trial court that if Bencap, Inc. was not a taxable entity, the taxpayers were entitled to recover $45,004.46, but that if Bencap, Inc. was a taxable entity the taxpayers should recover nothing.

 For reasons well stated in his published opinion,[1] relying largely on Harrison Property Management Co., Inc. v. United States, 1973, 475 F.2d 623, 201 Ct.Cl. 77, as well as Moline Properties v. Commissioner of Internal Revenue, 1943, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499, and National Carbide Corp. v. Commissioner of Internal Revenue, 1949, 336 U.S. 422, 69 S.Ct. 726, 93 L.Ed. 779, the district judge ruled that the corporate entity could not be ignored in the situation presented and entered judgment for the United States.[2]

The United States was entitled by law to the summary judgment granted by the district court.

Affirmed.

---

1. Collins et al. v. United States of America, S.D.Ga.1974, 386 F.Supp. 17. The decision is also reported unofficially at 35 A.F.T.R. 75–497.

2. On the authority of *National Carbide*, text supra; *Harrison Property Management, Inc.*, text supra; Greer v. Commissioner of Internal Revenue, 5 Cir. 1964, 334 F.2d 20, 23–24, and Given v. Commissioner of Internal Revenue, 8 Cir. 1956, 238 F.2d 579, the district judge correctly rejected an alternative contention that Bencap, Inc. was merely the agent or trustee of the individual plaintiffs in the role performed by it, and that, so regarded, they were entitled to claim the interest and depreciation deductions to which Bencap, Inc. was nominally entitled.