PREFERRED PROPERTIES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Preferred Properties, Inc. v. Commissioner
Docket No. 1338-73
United States Tax Court
T.C. Memo 1976-18; 1976 Tax Ct. Memo LEXIS 387; 35 T.C.M. (CCH) 68; T.C.M. (RIA) 760018; January 26, 1976, Filed Joe S. Cline, for the petitioner. James D. Thomas, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined a deficiency of $24,752.67 in petitioner's Federal income tax for 1968 and an addition to tax under section 6651(a) [1] in the amount of $6,188.17. The sole issue presented for decision is whether petitioner was a taxable entity during the 1968 tax year, and therefore subject to tax on income realized by it during that period. FINDINGS OF FACT Most of the facts *388 have been stipulated and are found accordingly. Preferred Properties, Inc., (hereinafter referred to as petitioner) had its principal place of business at 2202 East 49th Street, Tulsa, Oklahoma, at the time it filed its petition in this proceeding. No Federal income tax return has been filed by or on behalf of petitioner for any taxable year, including 1968. Petitioner was incorporated in the state of Oklahoma on September 13, 1965 and was duly authorized to do business in the state during 1968. The incorporators of petitioner were listed in the articles of incorporation as Joe S. Cline, Fay L. Truett, and Felix Truett. The Articles of Incorporation provide: The purpose or purposes for which the corporation is formed and organized is to engage in any lawful purpose or purposes as provided in 18 OSA 1.10; to engage in the construction and property management business generally and more specifically in the business of building multifamily dwellings and to own and operate multifamily installations and to do all things as are commonly done by businesses of like nature. The enumeration and listing of powers and purposes of the corporation as above set forth, shall in no way be construed *389 to limit the corporation to any purpose or purposes. Petitioner acquired Lots 1 through 19, Block 1, Towne Park Addition, Tulsa, Oklahoma by a general warranty deed dated September 8, 1966, from Jimmy K. Jones and Annahlee Jones. Shortly after the acquisition, petitioner constructed or caused to be constructed, a fourplex (four unit apartments) on each of the lots. The entire complex was known as the Towne Park Apartments. Petitioner borrowed the funds for the purchase of Lots 1 through 13 and Lots 16 through 19, together with all funds necessary to construct the fourplex apartments on those lots, from Mortgage Clearing Corporation of Tulsa, Oklahoma. The amount borrowed by petitioner for the acquisition of each lot and the construction of a fourplex apartment unit thereon was $44,250. For the acquisition and development of Lots 14 and 15, petitioner borrowed the necessary funds from First Federal Savings and Loan Association of Coffeyville, Coffeyville, Kansas, (First Federal). The sums borrowed from First Federal also amounted to $44,250 per lot. Pursuant to petitioner's loan arrangement with Mortgage Clearing Corporation, petitioner executed, on or about October 27, 1965, a *390 mortgage note and mortgage for each of Lots 1 through 13 and Lots 16 through 19. Similarly, petitioner executed a note and mortgage in favor of First Federal for Lots 14 and 15, on or about March 13, 1967. Subsequent to petitioner's execution of the mortgages and mortgage notes to Mortgage Clearing Corporation, Mortgage Clearing assigned these documents to First Federal. On October 1, 1968, First Federal filed suit, naming petitioner as the only defendant, claiming that petitioner breached the terms of the notes and calling for full payment on the notes. The District Court in and for Talley County then appointed a receiver for the Towne Park Apartments. On December 4, 1968, petitioner sold all of the Towne Park Apartments to W. Dean Hidy and Karline Watkins Hidy for a consideration of $824,379.82 and realized therefrom a gain of $94,076.57. The mortgage notes on these properties were then satisfied, the 1968 real property taxes paid, and the receiver discharged. During the taxable year 1968, petitioner received rental income from the Towne Park Apartments in the amount of $58,638.66. Petitioner also paid $62,437.29 for deductible expenses incurred in connection with the rental *391 operation. The income and the expenses from the Towne Park Apartments were reported on the 1968 individual income tax return of Joe S. and Serena Cline. The Clines also reported the entire gain realized by the sale of petitioner on their 1968 individual return. [2]
OPINION The issue to be resolved is whether petitioner's rental income from the Towne Park Apartments and the gain from the sale of those apartments are taxable to it under section 11. Petitioner contends that Preferred Properties, Inc., was a mere shell or nominee which should be ignored for tax purposes. Petitioner thus concludes that the income from the Towne Park Apartments was properly includable on the individual return of Joe S. and Serena Cline. Respondent, on the other hand, argues that petitioner was a viable taxable entity and therefore should be taxed on income realized by it. At the outset, we note that the corporate entity will be disregarded only in exceptional situations. New Colonial Ice Co. Inc., v. Helvering,292 U.S. 435, 442 (1934); *392 Ernest H. Weigman,47 T.C. 596, 604 (1967), affd. per curiam 400 F.2d 584 (9th Cir. 1968). In the leading case of Moline Properties, Inc., v. Commissioner,319 U.S. 436 (1943) the taxpayer likewise sought to have its separate corporate existence ignored. The Supreme Court noted there: The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. * * * [Fn. refs. omitted.] (pgs. 438, 439) Under the doctrine enunciated in Moline Properties, supra, where a corporation has a valid business purpose or actually engages in business activities it will be recognized as a separate taxable entity. Jackson v. Commissioner,233 F.2d 289 (2nd Cir. 1956); Elot H. Raffety Farms, Inc., v. United States,511 F.2d 1234 *393 (8th Cir, 1975), cert. denied October 6, 1975. Although the business purpose and business activities tests are alternative requirements, it is clear that each was satisfied here. The record plainly reveals that petitioner had a bona fide business purpose and that it carried on significant business activities. As long as the requisite business purpose or business activities are present, the fact that a shareholder has complete ownership or control of the corporation will not justify ignoring its separate existence for tax purposes. National Carbide Corp., v. Commissioner,336 U.S. 422 (1949); Ernest H. Weigman, supra;Ernest L. Rink,51 T.C. 746, 752 (1969). In the instant case, petitioner was formed primarily for borrowing purposes. In addition, the use of the corporate entity shielded Joe S. Cline from personal liability. In conjunction with these business purposes, petitioner engaged in significant business activities. These activities were well beyond the minimal activities required for recognition of the corporation as a separate taxable entity. Britt v. United States,431 F.2d 227 (5th Cir. 1970); Ernest L. Rink,supra, at 752. *394 Title to the property was held solely in the name of petitioner, with no indication that it was simply a nominee for the beneficial owner. In building or causing to be built 76 apartment units on the property, petitioner borrowed substantial sums of money and executed mortgages and mortgage notes relating to the loans. Furthermore, when petitioner became delinquent on its mortgage payment, First Federal, the mortgage holder, filed suit against petitioner directly, without naming any other party. The documents in that suit acknowledge petitioner's ownership of the properties and treat petitioner as the party who managed the properties and collected the rents. Nowhere is Joe S. Cline mentioned. A number of cases have recognized the tax viability of corporations under circumstances not dissimilar to the instant case. See, for example, Moline Properties, Inc., supra, (corporation organized for use as a security device; its activities consisted of the assumption of a mortgage obligation, defense of certain condemnation proceedings, the leasing of a portion of property, the receipt of rental income and the payment of expenses, and the institution of a suit to remove restrictions *395 imposed on the property by a prior deed); Paymer v. Commissioner,150 F.2d 334 (2nd Cir. 1945), affg. and revg. in part and remanding a Memorandum Opinion of this Court, (corporation held title to property and obtained loan); Collins v. United States,386 F. Supp. 17 (S.D. Ga. 1974), affd. 514 F.2d 1282 (5th Cir. 1975), (corporate borrower formed to avoid usury laws); David F. Bolger,59 T.C. 760 (1973), (financing corporation formed to avoid restrictions under state law; purchased and leased properties). Finally, petitioner does not fall within any of the exceptions to the general rule that courts will recognize the corporate entity for tax purposes. We have found on the basis of the record that petitioner was a legitimate functioning entity, and therefore not a sham which can be disregarded for tax purposes. Gregory v. Helvering,293 U.S. 465 (1935). Nor can it be said that petitioner was merely its creator's agent. National Carbide Corp.,supra;Harrison Property Management Co., Inc. v. United States,475 F.2d 623 (Ct. Cl. 1973). In fact, the record reveals *396 none of the usual incidents of agency. National Carbide Corp.,supra.[3] We believe that petitioner is properly taxable on the income received by it. Having enjoyed the benefits of doing business in the corporate form, petitioner must also accept the attendant tax disadvantages.[4]
Finally, we note that respondent's determination of an addition to tax under section 6651(a) (failure to file a return) has not been challenged by petitioner. There is no indication that *397 petitioner's failure to file a return was based on reasonable cause. We therefore have no alternative but to sustain the penalty. Decision will be enteredfor the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. The record does not reveal the percentage of stock in Preferred Properties, Inc., owned by the Clines. Presumably, the interest was controlling, and apparently Joe S. Cline was the sole shareholder.↩
3. "If the corporation is a true agent, its relations with its principal must not be dependent upon the fact that it is owned by the principal, if such is the case. Its business purpose must be the carrying on of the normal duties of an agent." National Carbide Corp. v. Commissioner,336 U.S. 422, 437↩ (1949). 4. We are not entirely without sympathy for petitioner. See J. Kurtz and C. Kopp, "Taxability of Straw Corporations in Real Estate Transactions," 22 Tax Lawyer 647↩ (1969). However, as noted above, evidence as to nominee ownership or that petitioner's business is that of an agent is lacking. The law in this area is firmly established and petitioner fits well within it.