PHILIP W. KESSLER and ELLEN J. KESSLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent AECCO, INCORPORATED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kessler v. Commissioner
Docket Nos. 5846-75, 5847-75.
United States Tax Court
T.C. Memo 1977-117; 1977 Tax Ct. Memo LEXIS 323; 36 T.C.M. (CCH) 514; T.C.M. (RIA) 770117; April 25, 1977, Filed *323 Charles L. Howard, III, for the petitioners. Frank Simmons, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Udge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to the tax as follows: Philip W. Kessler and Ellen J. Kessler
Additions to Tax Year
Deficiency
Under Sec. 6653(b) [1]
1966
$ 495.33
$ 247.66
1967
13,767.10
6,883.55
1968
881.85
440.93
1969
(553.53) [2]
1970
243.74
Aecco, Incorporated
Year
Deficiency
1966
$ 3,214.00
1967
850.00
1968
2,314.00
1969
750.00
Respondent has conceded the fraud issue. The issues remaining for decision are as follows: (1) Whether the business activities of Aecco, Incorporated, during the years 1966 through 1969, inclusive, were such as to cause it to be recognized as a separate taxable entity. (2) If Aecco, Incorporated, is a separate taxable entity, whether the adjustments as determined by respondent in Aecco's Incorporated, income and deductions for the years 1966 to *324 1969, inclusive, and Philip W. and Ellen J. Kessler's income and deductions for the years 1966 to 1970, inclusive, were correct. (3) Whether respondent's disallowance of various deductions claimed by petitioners Philip W. and Ellen J. Kessler for the years 1969 and 1970 was correct. (4) Whether petitioners Philip W. and Ellen J. Kessler received other income during the years 1966 through 1968 in the form of kickbacks in the amounts of $3,000, $35,000 and $3,000, respectively, which was not reported on their Federal income tax returns for the years in question. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners Philip W. and Ellen J. Kessler were husband and wife and resided in Birmingham, Alabama. Philip W. and Ellen J. Kessler filed joint Federal income tax returns for the taxable years 1966 and 1967 with the District Director of Internal Revenue at Birmingham, Alabama, and for the taxable years 1968 through 1970, inclusive, with the Internal Revenue Service at Chamblee, Georgia. Aecco, Incorporated *325 (hereinafter referred to as Aecco or the corporation) was organized as a corporation on May 21, 1957, under the laws of the State of Alabama. At the time of the filing of the petition herein, Aecco's principal place of business was Birmingham, Alabama. Aecco did not file Federal income tax returns for the years 1966 through 1969, inclusive. Philip W. Kessler (hereinafter sometimes referred to as Kessler or petitioner) is and has been a professional architect since 1957, or prior thereto, and has been the president and principal shareholder of Aecco since its organization. Aecco was organized by Kessler in order to bring together in one organization, architects and engineers to provide combined services for the completion of contracts requiring these professional services. The corporation issued stock and at least one of the stockholders paid for his stock. During the years 1966 through 1970, inclusive, the books and records of the corporation were maintained on the cash basis method of accounting and were kept at Aecco's principal place of business in Birmingham, Alabama. These books and records included a checking account and a payroll record. The corporation did not maintain *326 a record of any meetings. Aecco was issued an employer identification number and paid salaries and wages which were reported to the Internal Revenue Service under the name of Aecco. The corporation also filed payroll tax returns in its name. For each of the years 1966, 1967 and 1968, Philip W. and Ellen J. Kessler attached to their income tax returns a statement entitled "AECCO, CORP., Reconciliation Sheet, PAYROLL" which showed various dates and amounts of payments to Philip W. Kessler, G. Richard Standen and Susan N. Stone. For each of the years 1969 and 1970, there is attached to the income tax returns of Philip W. and Ellen J. Kessler a statement entitled "AECCO PAYROLL" showing amounts paid to Draftsman, G. Richard Standen, Secretary, Susan N. (Stone) Berdeaux, and Philip W. Kessler, Architect-Owner. Attached to the Federal income tax returns of Philip W. and Ellen J. Kessler for the taxable years 1966 through 1968 is a statement entitled "AECCO CORP., STATEMENT OF CONDITION." Under the caption "Liabilities" there is the following subcaption and amount: "Capital Stock Outstanding and Treasury $7,437.50." Also attached to the aforementioned returns is a statement entitled *327 "AECCO CORP., OPERATING STATEMENT." On each of these pages under the caption "DISBURSEMENTS" there appears the following subcaption: "Dividends, Reserve, Accrued Accounts, Stock Reduction, Undivided Profits." The amounts shown for this subcaption for the three years are $90.00, $50.00 and $950.66, respectively. During the years 1966 through 1970, a bank account was maintained in the name of Aecco, and Kessler, as president and principal shareholder of Aecco, withdrew funds from this corporate bank account, some of which were used for personal purposes and some of which were used for business purposes. As a result of an examination of the income tax returns of petitioners Philip W. and Ellen J. Kessler and the books and records of Aecco for the years 1966 through 1970, inclusive, the respondent determined that the business income and deductions reported by petitioners were, instead, income and deductions of Aecco. The respondent determined that Aecco had gross receipts of $47,958, $43,928, $49,679 and $42,132, respectively, and business deductions of $33,349, $39,353, $40,056 and $39,032, respectively, for the years 1966, 1967, 1968 and 1969. Appropriate adjustments were therefore *328 made by the respondent removing these items of income and expenses from the returns of Philip W. and Ellen J. Kessler and setting them up as income and expenses of Aecco. The respondent further determined that Kessler was a salaried employee of Aecco and that funds withdrawn by Kessler from the corporate bank account for personal use during 1966 through 1970 in the amounts of $15,392, $15,945, $14,362, $15,491 and $10,035, respectively, were compensation for services. Appropriate adjustments were made adding these amounts to the income of Philip W. Kessler with corresponding deductions to Aecco as salary expenses. Respondent determined that petitioner was entitled to a deduction for itemized deductions for the taxable years ended December 31, 1966, 1967 and 1968 in the amounts of $2,022.31, $2,760.82 and $2,109.46, respectively. Respondent made appropriate adjustments increasing petitioners' income by the standard deduction, which was disallowed since the verified itemized deductions exceeded the claimed standard deduction, and decreasing petitioners' taxable income by the itemized deductions as determined by respondent. Respondent also determined that petitioners' allowable *329 itemized deductions totaled $2,358.51 rather than the $2,639.15 claimed on their Federal income tax return for the year ended December 31, 1969, and $2,349.21 rather than $2,688.09 claimed for the year ended December 31, 1970. Respondent made the appropriate adjustments increasing petitioners' taxable income for the years 1969 and 1970. Respondent further determined that $807.22 reported on petitioners' return filed for the taxable year ended December 31, 1970, from the sale of real estate was income to Aecco and decreased petitioners' taxable income accordingly. Finally, respondent determined that during the years 1966, 1967 and 1968, petitioners received $3,000, $35,000 and $3,000, respectively, in the form of kickbacks which were not reported on petitioners' returns for the years in issue. However, the Court finds that petitioners did not receive any of the alleged unreported income for the years in issue. OPINION Petitioner, Philip W. Kessler formed Aecco under the laws of the State of Alabama in 1957. The corporation was formed as an architectural and engineering corporation. Aecco maintained books and records including payroll records and a checking account. The *330 corporation paid salaries and wages regularly to three individuals, including petitioner, Philip W. Kessler, and filed payroll tax returns in the name of Aecco. Financial information concerning Aecco was filed with Philip W. and Ellen J. Kessler's joint Federal income tax returns for the years in issue. Aecco did not file Federal income tax returns for the years 1966 through 1969, inclusive. Kessler contends that Aecco was a dormant corporation for the years in issue and therefore, it was not necessary for the corporation to file a Federal income tax return. Respondent contends that Aecco was an active corporation and therefore a separate taxable entity and made adjustments to Aecco's income and deductions for the years 1966 through 1969, inclusive, and the Kessler's income and deductions for the years 1966 through 1970, accordingly. Respondent further made adjustments in petitioners Philip W. and Ellen J. Kessler's income for disallowances of various deductions for the years 1966 and 1970. Finally, respondent determined petitioners Philip W. and Ellen J. Kessler received income in the form of kickbacks from construction companies during 1966, 1967 and 1968 in the amounts of *331 $3,000, $35,000 and $3,000, respectively, and that petitioners failed to report this income received during the years in issue.
The main point on which the first two issues are dependent is whether any amounts of the business income and deductions reported on Schedule C of Philip W. and Ellen J. Kessler's income tax returns, filed for the years 1966 through 1970, inclusive, were income and deductions of Aecco. The answer to this question is dependent upon whether Aecco should be recognized as a separate entity for Federal income tax purposes. There is no question but that Aecco existed as a corporation under Alabama law during the taxable years in issue. The parties stipulated to its formation in 1957, stock was issued and petitioners do not claim a corporate dissolution. Kessler, however, disregarded Aecco for Federal income tax purposes during the years 1966 through 1969, inclusive. Although the question of whether the corporation was formed is a question of local law, whether the corporation entity should be disregarded for purposes of Federal taxation is a question of Federal law. Stoody v. Commissioner,66 T.C. 710 (1976). Having determined that a *332 valid corporation existed, we next consider whether the corporate form should be ignored for purposes of applying Federal income tax laws. The leading case in this area is Moline Properties v. Commissioner,319 U.S. 436 (1943), which held that the corporate entity will not be ignored where it is created for business purposes, or it actually conducts business following incorporation. The degree of corporate business purpose or activity required to recognize the separate existence of the corporation may be minimal. See Strong v. Commissioner,66 T.C. 12 (1976), affd. 39 AFTR 2d 77-934 (2nd Cir. 1977), and the cases cited therein. There is no question that Aecco was formed for a business purpose, i.e., to engage in the business of architecture and engineering. The formation of Aecco was followed by business activity in the ordinary meaning. Aecco regularly paid employees wages during the years 1966 through 1970, and filed payroll tax returns in the corporation's name. There was a bank account in the corporate name and Kessler signed contracts which had Aecco printed on the top as Philip W. Kessler, President. As further evidence *333 of business activities of Aecco, Philip W. Kessler filed with his Federal income tax returns for the years 1966 through 1968, a financial statement entitled, "AECCO CORP., STATEMENT OF CONDITION" on which the declaration was made that Aecco had capital stock outstanding and treasury of $7,437.50. Also, for the same years a financial statement was prepared for Aecco entitled "AECCO CORP., OPERATING STATEMENT" on which the declaration was made that disbursements for "Dividends, Reserve Accrued Accounts, Stock Reduction, Undivided Profits" were made in the amounts of $90.00, $50.00 and $950.66, during the years 1966, 1967 and 1968, respectively.
The Court finds that these business activities were well above the minimal activities required for recognition of Aecco for Federal income tax purposes. See Britt v. United States,431 F.2d 227 (5th Cir. 1970), and cases cited therein. Furthermore, the investigating revenue agent testified that he was told by Kessler the reason he incorporated was to avoid any legal "liability down from a legal situation that existed sometime prior." This testimony was not objected to by petitioner. If the corporate entity is now disregarded, *334 petitioner would be in a position where he would be accepting the benefits of the corporate form, i.e., limiting his liability, but ignoring the Federal income tax consequences of incorporation. Individuals cannot adopt the corporate form for whatever benefits it may offer and then ignore the Federal income tax consequences. Collins v. United States,386 F. Supp. 17 (S.D. Ga. 1974), affd. per curiam 514 F.2d 1282 (5th Cir. 1975). At the trial of these consolidated cases, petitioners directed their attention to the corporate entity question and did not present evidence on the issues of the adjustments determined by the respondent because of the recognition of the corporate entity for the years 1966 through 1969, inclusive, or the adjustments due to various disallowances of deductions claimed by Philip W. and Ellen J. Kessler on their Federal income tax returns filed for the years 1969 and 1970. The respondent's determination is presumed to be correct and petitioners must carry the burden of proof to overcome the determinations. See Rule 142(a) Tax Court Rules of Practice and Procedure and Swiss Colony, Inc. v. Commissioner,52 T.C. 25 (1969). *335 Accordingly, the Court must sustain respondent's determinations as to these issues. Respondent contends that Kessler received $3,000 in 1966, $35,000 in 1967 and $3,000 in 1968 in the form of kickbacks from Hare Construction Company or the M.F. Snyder Construction Co. Petitioner denies receiving the alleged kickbacks. Since petitioner's burden is to prove a negative, if he is telling the truth, his denial is the only evidence available to him. In the absence of any credible proof to the contrary, the Court is inclined to accept petitioner's testimony. Respondent offered the testimony of a Mr. James D. Oliver, subcontractor on one of the construction jobs and that of Mr. Edwin Hare, general contractor-bidder, Hare Construction Company. Mr. Oliver testified that he had been told by Mr. Hare that Mr. Kessler had received a $30,000 kickback from a particular contract and that he told Mr. Kessler of this conversation. Such testimony falls far too short of proving that petitioners received such sum. In fact, it is pure hearsay.
Mr. Hare testified that he himself paid a total of $21,000 to third parties to be paid to Mr. Kessler. The third parties were not produced, when coupled *336 with the fact that Mr. Hare plead guilty to a criminal offense involving his Federal income taxes, the Court is unwilling to give any credence to his testimony. Accordingly, the determination of the respondent with respect to this issue cannot be sustained. See Demkowicz v. Commissioner, F.2d (3rd Cir. 1977). Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. ↩
2. Overpayment.↩