Dewey H. LANE and Carlana Lane, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. S79–0184(C).

United States District Court, S. D. Mississippi, S. D.

Sept. 29, 1981.

Roland J. Mestayer, Jr., David C. Frazier, Pascagoula, Miss., for plaintiffs.

George L. Phillips, U.S. Atty., Jackson, Miss., for defendant.

## JUDGMENT

WILLIAM HAROLD COX, District Judge.

This case was heard by the Court on its merits on stipulation and oral testimony seeking a recovery of Federal Income Taxes for 1974 in an amount of $28,115.80. Mrs. Lane (Carlana Lane) is a party to this suit solely because Dr. and Mrs. Lane filed a joint income tax return for 1974.

For the first nine months of 1974, the taxpayer and other parties were partners in a partnership by the name of Captain Grant Limited Partnership. The 1974 partnership return (Stip., Ex. L) reflected an ordinary loss of $118,230.63, which resulted from the operation of an apartment complex in Pascagoula, Mississippi, by the name of Captain Grant Apartments, Phase II.

The 1974 joint income tax return of the taxpayer and his wife claimed as a deduction $68,967.87 of the loss listed on the partnership return, including "first year depreciation" of $6,940.37. This return also claimed as deductions automobile expenses of $919.61, political contributions of $275.00, and entertainment and gift deductions of $462.60 (Stip., par. 15).

Of the partnership losses which the taxpayer and his wife claimed as deductions for 1974, the Internal Revenue Service disallowed first year depreciation of $6,940.37, and those losses claimed for the period January 1, 1974 through August 31, 1974, for the reasons (a) that Captain Grant Apartments, Phase II, was owned by Grimball Development, Inc., a Mississippi corporation, for the first nine months of 1974; and accordingly the corporation, not the partnership, was entitled to deduct the losses in question, including first year depreciation, (b) that the useful life of the Captain

Apartments, Phase II, for purposes of computing depreciation, was 45 years, rather than 27 years as claimed by the partnership, and (c) that the sum of $14,192.12, claimed as an interest deduction by the taxpayer, was an obligation of the corporation, and thus could not be claimed as a deduction by the taxpayer (Stip., par. 16).

The Internal Revenue Service also disallowed miscellaneous deductions of $943.93 claimed by the taxpayer and his wife on their 1974 income tax return (Stip., par. 16).

As a result of these adjustments, the taxpayer and his wife were advised that an income tax deficiency of $21,711.16 had been determined against them for the year 1974, together with a penalty, pursuant to Section 6652(a) of the Internal Revenue Code of 1954, in the amount of $1,085.56 (Stip., par. 17).

On or about September 22, 1979, the amount of the proposed deficiency and penalty, plus interest of $5,318.58, for a total of $28,115.30, was assessed against the taxpayer and his wife by a delegate of the Secretary of the Treasury, and thereafter this amount was paid in full (Stip., par. 18). On October 10, 1980, the taxpayer and his wife filed a claim for refund with the District Director of Internal Revenue in Jackson, Mississippi, which was denied. This suit seeks the refund of $28,115.30, plus interest as allowed by law.

The Court is not required to resolve the following issues, which, as indicated by the stipulation filed at trial, were previously resolved by the parties:

(a) For purposes of computing their 1974 income tax liability, plaintiffs are not entitled to deduct those miscellaneous expenses of $943.93, described above, from their 1974 income (Stip., par. 20).

(b) For purposes of computing their 1974 income tax liability, plaintiffs are not entitled to deduct "first year depreciation", described above, from their 1974 income (Stip., par. 21B).

(c) For purposes of computing the appropriate depreciation deduction attributed to the Captain Grant Apart-

ments, Phase II, for 1974, a useful life of 27 years will be used (Stip., par. 19).

The stipulation also reflects that there is no dispute as to the *amount* of the losses sustained by the Captain Grant Apartments, Phase II, for the first nine months of 1974. Rather, the controlling issue to be resolved is whether the corporation or the partnership was the owner of this apartment complex for the taxable period in issue. The parties have stipulated that if the Court determines that the *corporation* was the owner of the complex for this nine month period in 1974, (and therefore entitled to take the requisite deductions), all of the partnership losses claimed as a deduction by the taxpayer for this period should be disallowed, with the exception of an interest payment of $7,096.06, which was made by the taxpayer to the Pascagoula-Moss Point Bank in October of 1974. The parties agree that the question of whether this interest payment can be deducted from the taxpayer's 1974 income is a separate issue, resolution of which will turn upon whether the payment was an obligation of the corporation, or whether it was his own individual obligation.

Conversely, the parties stipulated that if the Court determines that the partnership was the owner of the Captain Grant Apartments, Phase II, for the first nine months of 1974, then the taxpayer would be entitled to claim as a deduction his share of the partnership loss for this nine month period, with the exception of first year depreciation amounting to $2,940.37, which, as indicated above, the taxpayer has conceded is not a proper deduction.

The last issue for consideration is whether plaintiffs are liable for a penalty of $1,085.56, imposed against them pursuant to Section 6653(a) of the Internal Revenue Code of 1954.

The corporation was initially formed in Mississippi on February 2, 1971 for the purpose of constructing an apartment complex by the name of Captain Grant Apartments, Phase I, in Pascagoula, Mississippi. Fifty-

one percent of the stock was issued to one Henry G. Grimball and forty-nine percent was issued to the taxpayers, and these parties were elected as president and secretary/treasurer of the corporation.

In 1971, the corporation purchased a parcel of real property and constructed the Phase I apartments thereon with money borrowed by the corporation from various lending institutions. Promissory notes were signed on behalf of the corporation by its officers, Grimball and Lane (even though in certain instances the loans were guaranteed by the same individuals), and assets of the corporation were pledged as collateral for the loans. The apartments in Phase I were rented and managed by the corporation from 1971 until September 1, 1974, when the assets of the corporation were transferred to the partnership.

In 1972, the corporation acquired a second parcel of property adjacent to Phase I for the purpose of constructing Captain Grant Apartments, Phase II. As before, the corporation constructed Phase II with money obtained from lending institutions. Promissory notes were signed by the corporation's officers on behalf of the corporation, and the corporate assets were pledged as collateral.

For the period 1972 through September 1, 1974, Phase II was operated by the corporation, or by its designated agent, those activities including renting the apartments, collection of rents, payment of all expenses, and the filing of corporate income tax returns. On September 1, 1974, the Phase II Apartments were transferred to the partnership.

As reflected by the testimony of the taxpayer at trial, consideration was given to the formation of a limited partnership to build and operate the Phase II Apartments, but because of the Mississippi usury laws, the individuals in the partnership could not obtain a loan in Mississippi to finance their project. The usury laws,' however, did not apply to a corporate entity which had the capacity to borrow money at the prevailing interest rate. Therefore, as indicated above, Phase II was built and operated by the corporation until September 1, 1974.

The partnership was formed in 1972 for the alleged purpose of real estate development. Grimball, the taxpayer, and Kermit Nobles were limited partners and W. Wesley Lane was general partner. On November 2, 1972, the partnership entered into a "lease agreement" with the corporation, which provided in part that the lessee partnership pay rental to the lessor corporation during the construction of the complex. The partnership was given the right to terminate the lease at any time and require the corporation to transfer Phase II to the partnership, and this is precisely what happened on September 1, 1974.

On March 15, 1974, the Pascagoula-Moss Point Bank, Pascagoula, Mississippi, made a loan to the corporation to discharge a debt of the corporation to the International City Bank. The loan was in the principal amount of $291,500, bearing the interest rate of 10% per annum, and was payable 184 days after March 15, 1974, or on September 15, 1974. The loan was the primary obligation of the corporation, not that of the taxpayer and other corporate officers, but was guaranteed by the taxpayer and Henry Grimball (Stip., par. 9).

In October of 1974, the taxpayer paid the sum of $14,192.12 to the Pascagoula-Moss Point Bank on behalf of the partnership, in satisfaction of the interest due on the promissory note for the 184 day period in question; and he now claims to be entitled to a deduction of one-half of this interest payment, or $7,096.06, from his 1974 income. However, the defendant contends that the plaintiffs are not entitled to any part of this interest deduction, since the taxpayer was not the primary debtor of the $291,500 loan, even though he was one of the guarantors.

The evidence reflects that the plaintiffs did not have any background or training as to business or tax matters, such as in issue here, and that the plaintiffs' accountant prepared their 1974 income tax return without any instructions from them as to whether the miscellaneous expense of $943.93, first year depreciation of $2,940.37,

and $7,090.06 of the $14,192.12 interest payment in issue, should be claimed as deductions. The plaintiffs apparently signed their 1974 income tax return without knowing that these deductions, which they now concede were improper, could not be taken.

The evidence also reflects that the taxpayer claimed the deductions attributed to the Captain Grant Apartments, Phase II for the first nine months of 1974 pursuant to the advice of his tax attorney.

■ The law is well settled that a corporation is a separate taxable entity which is entitled to realize the appropriate tax consequences from the operation of its business. See *Moline Properties, Inc. v. Commissioner,* 319 U.S. 436, 438–439; 63 S.Ct. 1132, 1134, 87 L.Ed. 1499, which holds:

> "The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity."

Cases following *Moline Properties* have generally held that income from property (and losses attributed thereto), must be taxed to the corporate owner and will not be attributed to the shareholders unless the corporation is a purely passive dummy or is used for a tax avoidance purpose. *Collins v. United States,* 386 F.Supp. 17, aff'd per curiam (5 CA 1975) 514 F.2d 1282; *Harrison Property Management Co. v. United States,* 475 F.2d 623 (Ct.Cl.1973); *Taylor v. Commission* (1 CA 1971) 445 F.2d 455; *National Investors Corp. v. Hoey,* (2 CA 1944) 144 F.2d 466; *Strong v. Commissioner,* 66 T.C. 12 (1976), aff'd without opinion, (2 CA 1977) 553 F.2d 94.

■ The degree of corporate purpose and activity requiring recognition of the corporation as a separate entity is extremely low, and business activity may be minimal to be considered as having a business purpose. *Britt v. United States,* (5 CA 1970) 431 F.2d 227, 235, 237. In *Collins v. United States, supra,* and the Tax Court of the United States, in *Strong v. Commissioner, supra,* provided that a corporation has a sufficient business purpose, for purposes of federal taxes, if the only reason for forming the corporation is to obtain financing, when the usury laws of a state would otherwise deny a stockholder similar financing, in his own name.

Significantly, the Fifth Circuit, in *Spector v. Commissioner,* 641 F.2d 376 (5th Cir. 1981), recently provided that a taxpayer is bound by the form in which he casts a transaction, whether it be a corporation, partnership, or sole proprietorship, absent fraud, undue influence, or mistake.

■ In the instant case, the taxpayer admitted that the elements of fraud, undue influence, or mistake were not present when the corporation was formed (Transcript, p. 63). Rather, the corporation was an active and viable business entity which operated multiple apartments until its assets were divested on September 1, 1974. Both the land and the buildings were titled in the corporation's name, and all activities relating to the rental and other operations were performed by or under the control of the corporation. Therefore, the plaintiffs are not entitled to the deductions incurred by the Phase II apartment complex for the first nine months of 1974, either as shareholders or members of the partnership, since the corporation was the taxable entity which owned the apartment complex for the period in issue and thus was entitled to those deductions.

■ The Court also concludes that the plaintiffs are not entitled to a deduction of any part of the interest payment of $14,192.12 which was made to the Pascagoula-Moss Point Bank in October of 1974. Interest is the consideration paid for the use of money which one person owes to another. When an individual pays interest due on the obligation of another, including the debt of a corporation of which he is a shareholder, he is not considered to be the primary debt-

or, even if he has guaranteed the loan. *Nelson v. Commissioner of Internal Revenue,* (5 CA, 1960) 281 F.2d 1; *Marcello v. Commissioner.*

In this case, the entire interest payment made by the taxpayer was an obligation of the corporation. Neither the partnership nor the taxpayer was the primary debtor of this obligation. Therefore the plaintiffs are not entitled to this deduction, even though the taxpayer was one of the guarantors thereof.

The Court further determines that the penalty of $1,085.56, which was asserted against plaintiffs pursuant to the provisions of Section 6653(a) of the Internal Revenue Code of 1954 was not proper and thus is disallowed.