DONALD R. O'NEAL and SUSAN R. O'NEAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Neal v. Commissioner
Docket No. 39726-86.
United States Tax Court
T.C. Memo 1989-81; 1989 Tax Ct. Memo LEXIS 85; 56 T.C.M. (CCH) 1347; T.C.M. (RIA) 89081; February 27, 1989
Earl Griffin, Jr., for the petitioners. Matthew A. Lykken, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6653(a)(1)
1978
$ 31,937.00
$  7,984.25
$ 1,596.85
--  1980
76,883.46
19,220.87
3,844.17
--  1981
21,573.56
2,157.36
--
$ 1,078.68
Additions to Tax
Year
Sec. 6653(a)(2)
1978
--
1980
--
1981
*
*86 After concessions by the parties, the issues for decision are whether the expenses and/or alleged losses of a corporation, wholly owned by petitioner Don O'Neal, are deductible by petitioners individually and whether petitioners are liable for any additions to tax. All of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners were residents of Fort Worth, Texas, at the time of the filing of their petition. They filed untimely joint Federal income tax returns for the years at issue. Petitioner Don O'Neal operated an automobile dealership, Don O'Neal Motor Co., as a proprietorship for several years prior to incorporating the business as Don O'Neal Motor Co., Inc. (the corporation), of which he was the sole shareholder. The incorporation took place at the insistence of the business's lender, Haltom City State Bank. *87 Under the Texas usury laws in effect at the time of the incorporation, higher interests could be charged to corporate debtors. Both petitioners were personally liable and responsible for all notes and obligations of the corporation, including all financing obtained through Haltom City State Bank for the purchase of car inventory. The corporation filed corporate income tax returns only after respondent threatened to institute actions for willful failure to file unless returns were filed. On September 14, 1981, Haltom City State Bank instituted an involuntary bankruptcy proceeding against the corporation. On June 1, 1982, petitioners, as individuals, filed a voluntary bankruptcy proceeding. Respondent by notice of deficiency, dated July 11, 1986, determined that petitioners received constructive dividend distributions in 1980 and 1981 in the amounts of $ 158,511 and $ 74,185, respectively. He based his determination on the fact that the corporation had disbursed funds to pay for petitioners' living expenses. At the outset, we note that there appear to be some gaps in the stipulations *88 of the parties. To the extent that factual questions are involved in such gaps, petitioners have the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). That the case has been submitted fully stipulated does not change the location of burden of proof. Service Bolt & Nut Co. Trust v. Commissioner,78 T.C. 812, 819 (1982), affd. 724 F.2d 519 (6th Cir. 1983); Rule 122(b). We turn to the central question on which the parties have locked horns, namely, whether the corporation was an agent in carrying on its activities. We hold that it was not. Petitioners assert that the corporation was an agent and that all expenses and losses sustained by the corporation should be attributed to them. The mere fact that the corporation was formed at the instance of a lender to avoid the application of usury laws is not sufficient to sustain petitioners' position. Moline Properties, Inc. v. Commissioner,319 U.S. 436 (1943); Strong v. Commissioner,66 T.C. 12, 21 (1976), affd. without opinion 553 F.2d 94 (2d Cir. 1977); *89 Collins v. United States,386 F. Supp. 17 (S.D. Ga. 1974), affd. per curiam 514 F.2d 1282 (5th Cir. 1975). The guidelines for our decision herein have been established by the Supreme Court in Commissioner v. Bollinger,418 U.S.    , 108 S.Ct. 1173, 1179 (1988), wherein the Court stated: It seems to us that the genuineness of the agency relationship is adequately assured, and tax-avoiding manipulation adequately avoided, when the fact that the corporation is acting as agent for its shareholders with respect to a particular asset is set forth in a written agreement at the time the asset is acquired, the corporation functions as agent and not principal with respect to the asset for all purposes, and the corporation is held out as the agent and not principal in all dealings with third parties relating to the asset. * * * Petitioners have failed to satisfy the three-part test set forth in Bollinger.There is no written agency agreement, nor is there evidence to support the findings that the corporation functioned as agent and not as principal and that it was held out to be an agent in all its dealings with third parties. In sum, *90 we find that petitioners have not produced evidence sufficient to support a determination of a true agency relation whose relations with its principals are not dependent on the fact that it is owned by its principals, the fifth of the six so-called "National Carbide factors." See National Carbide Corp. v. Commissioner,336 U.S. 422, 437 (1949); George v. Commissioner,844 F.2d 225 (5th Cir. 1988), affg. a Memorandum Opinion of this Court. Since satisfaction of that factor is mandatory, George v. Commissioner, supra at 228-229, our conclusion makes it unnecessary to explore the extent to which the other five factors involved in determining whether a corporation is a true agent of its owner-principal have been satisfied. Petitioners attempt to avoid the impact of the foregoing by arguing that respondent is imputing the income of the corporation to them and that they should therefore be entitled to have the benefit of any deductions to which the corporation would have been entitled. Petitioners' argument misses the mark. Respondent is not imputing the income of the corporation to petitioners. Respondent's treatment of the corporation *91 is totally consistent with the Supreme Court's articulation in Commissioner v. Bollinger, supra, that the issues of the separate identity of a corporation from its shareholders and of the corporation as their agent are two different questions. It cannot be gainsaid that the corporation herein had an identity separate from that of petitioners. As a result, the distributions to, or for the benefit of petitioners, represent constructive dividends, Falsetti v. Commissioner,85 T.C. 332, 356-357 (1985), and not the imputing of the income of the corporation to them. In view of the foregoing, respondent's determination that the losses in question are not deductible by petitioners is sustained. Our holding makes it unnecessary for us to deal with other arguments of the parties in respect of the deductibility of the corporation's losses by petitioners. Respondent determined additions to tax for failure to file timely returns under section 6651(a)(1) and for negligence *92 under section 6653. The burden of proof as to these additions is on petitioners. Ewing v. Commissioner,91 T.C. 396, 423 (1988); Service Bolt & Nut Co. Trust v. Commissioner, supra.Petitioners have failed to prove that their failure to file timely returns was due to reasonable cause and not willful neglect (section 6651(a)(1)) and that their failure to report constructive dividends was not due to negligence (section 6653). [2]
In order to reflect various adjustments agreed to by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of interest due on underpayment of $ 21,573.56. ↩
2. We note petitioners' brief does not discuss the appropriateness of the additions to tax so that it would appear that the additions have been conceded.↩