HARTFORD–CONNECTICUT TRUST CO. v. EATON, Collector of Internal Revenue (two cases).

Circuit Court of Appeals, Second Circuit. June 17, 1929.

Nos. 219, 220.

E. F. Donaghue, of New York City, for appellant.

John Buckley, U. S. Atty., of Hartford, Conn. (George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., and C. M. Charest and H. B. Hunt, both of Washington, D. C., of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The imposition of penalties for failure to file income tax returns was governed at the time these tax penalties were assessed by section 3176 of the Revised Statutes, as amended by section

130

1317 of the Revenue Act of 1918 (26 USCA § 98), which provided in part as follows:

" * * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. In case a false or fraudulent return or list is willfully made, the Commissioner of Internal Revenue shall add to the tax 50 per centum of its amount."

The collector takes the position that the information return made under Form 1041 was not a return at all, because it was not a return in such form as the Commissioner of Internal Revenue had prescribed. A proper return under the regulations would have been on Form 1040. Section 6336h (b) U. S. Comp. St., requires individuals to file a return in such form as the Commissioner shall prescribe, and section 6336h (c) requires trustees to make returns of income for their trusts and subjects them to all the provisions which apply to individuals. But while the return on Form 1041 may not have been adequate for some purposes, the provisions for imposing penalties do not seem to require a taxpayer to choose the right blank at his peril, when he acts in good faith and makes a full disclosure of his income.

It is to be noticed that, except in cases of a willfully false or fraudulent return, a penalty may be imposed only where there is a failure to make and file "a return or *list.*" It is, to say the least, highly doubtful whether the right of the Commissioner to prescribe forms can be regarded as involving a nullification for all purposes of a sworn and complete statement of income, irregular or informal though it may have been.

The government would seem to be sufficiently protected in having complete information whereby the collector may make a return on behalf of the taxpayer as provided in Revised Statutes, § 3176, or may require the latter to file an amended return in the form prescribed.

Tax laws are to be strictly construed, and a reasonable doubt should be resolved in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Partington v. Attorney General, L. R. 4 H. L. at page 122. In view of the many rulings by the department relieving the taxpayer from penalties where he has acted in good faith (Dayton Bronze Bearing Co. v. Gilligan [C. C. A.] 281 F. 709), it may well be questioned whether the language of section 3176 would have been sufficient to permit the imposition of penalties upon the plaintiff, even if the word "return" had been the only word used in that section. But the statute imposes a penalty only in case of failure without reasonable cause to make or file "a return or list." The word "list" was put in the act for some purpose, and it may well have been inserted to cover by general language any full disclosure made of record by the taxpayer. It certainly was intended to mean less than a "return" of impeccable regularity. But, whatever the purpose of the language used, it is sufficient to indicate that a penalty should not be imposed upon a taxpayer, who has acted in good faith and given complete information, merely because he has not observed all the complicated requirements of the department. Upon the record presented, a judgment should have been directed for the plaintiff in each action.

Both judgments are accordingly reversed.