*610 OPINION.
MuRdock:
The first and principal question is whether or not the petitioner was the owner of the entire Singling note and, therefore, was required to report all of the interest on that note, or whether it owned only an undivided interest of 25.8823492 percent and, therefore, was not entitled to receive and was not required to report the interest on the remainder of the note, which amounted for those years to $50,378.02. The Commissioner’s theory has been that Investors was a participant in the syndicate and the entire note was owned by the syndicate, since Allied, was merely acting for Investors. The evidence clearly shows that the Commissioner has been in error in so far as ownership of the note is concerned. The agreements provided that Investors should be a participant in the syndicate. Investors apparently continued as a participant in the syndicate until 1937 and received some compensation for its services as manager and for assuming the liability which it originally assumed. The question here turns upon how much of the note the syndicate owned and not upon who were participants in the syndicate. Investors never acquired any interest in the note as a member of the syndicate or otherwise. Investors was liable on the original note as an endorser, but it never was called upon to make good on that endorsement and it never acquired any rights of ownership in that note. The note was purchased by Allied for cash and then Allied sold an undivided 25.8823492 percent to the syndicate for cash. That is the only interest in the note which the syndicate ever acquired and it was entitled to receive and did receive only the interest on that portion of the note. Our findings completely dispose of this issue.
*611 Sections 291 of the Revenue Acts of 1932 and 1934 provide:
In tie ease of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax.
Other parts of the acts provide that an association shall be taxed as a corporation and every corporation subject to tax shall make a return stating the items of its gross income and the deductions and credits allowed. Regulations of the Commissioner require that the return of a corporation shall be on form 1120, but permit the use of 1041 by fiduciaries. The petitioner now concedes that it was an association taxable as a corporation, even though the term “partnership” in the act is defined as including a syndicate and a partnership is not a tax-paying entity. Returns on the form prescribed for corporations were not filed for the taxable years on behalf of the petitioner. It filed for each year a “Fiduciary return of income” for the purpose of supplying information rather than to show that tax was due. No computation of the tax was made on those returns. No contention is made that the returns were not timely filed. The Commissioner contends that the returns filed were not the returns required by statute and do not save the petitioner from the penalties of section 291.
One of the arguments of the Commissioner is that the returns did not include the interest of $50,318.02 which is the item involved in the first issue. This argument of the Commissioner falls with our decision of the first issue, in which we held that the $50,318.02 was not income of the petitioner. The Commissioner also mentions several other items, no one of which is in excess of $23. Obviously they are too insignificant to require discussion. Therefore we conclude that the returns contained sufficient information, and the remaining question is whether the fact that they were on incorrect forms is reason to apply the penalty of section 291. The case of Hartford Connecticut Trust Co. v. Eaton, 34 Fed. (2d) 128, is directly in point. It holds that a penalty should not be imposed upon a taxpayer under a provision like that contained in section 291, where the taxpayer acted in good faith and gave complete information, even though he selected the wrong form. The question of the running of the statute of limitations under sections 275 (c) of the Revenue Acts of 1928 and 1932, which use the words “no return of the tax imposed by this title,” is a different question from the one here involved. Cf. Roosevelt & Son Investment Fund, 34 B. T. A. 38, dismissed for lack of jurisdiction, 89 Fed. (2d) 706; Lee H. Marshall Heirs, 39 B. T. A. 101. We hold on authority of Hartford *612 Connecticut Trust Co. v. Eaton, supra, that there was not during these years a failure to make and file a return within the meaning of section 291.

Decision will be entered, under Rule 50.