**PAYMER v. COMMISSIONER OF INTERNAL REVENUE (two cases).**

**WESTRICH REALTY CORPORATION et al. v. SAME.**

**RAYMEP REALTY CORPORATION, Inc., et al. v. SAME.**

Nos. 17–20.

Circuit Court of Appeals, Second Circuit.

July 2, 1945.

Sidney Paymer, of Jamaica, N. Y., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, and S. Dee Hanson, Sp. Asst. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These four petitions, which were consolidated for hearing, require us to decide whether the 1938 net income of certain real estate was taxable to the petitioning corporations each of whom held the title to a part of it, or to the petitioning individuals who owned all the stock of the two corporations. And, if the corporations are taxable on the income, whether their failure to file income and excess profits returns made them liable for a penalty. The Commissioner determined that the corporations were taxable and also that the individuals, to whom the income was paid directly by the lessees of the property, were taxable on the amounts each received on the theory that what was done was the equivalent of dividend distributions by the corporations. He also assessed a penalty against each corporation. The Tax Court affirmed.

The individual petitioners are two brothers, who have been in partnership for many years under the name of Paymer Bros., owning partnership property which has in part been real estate that they improved and managed. Because Samuel had become the co-signer on a note and the guarantor

of an account both of which were overdue in 1932, it was then thought that he might be sued by creditors and the partnership property attached. To avoid that, if possible, the partners in that year organized Raymep Realty Corp., Inc. and Westrich Realty Corp., two New York corporations which were given broad powers to own, manage and dispose of real estate and conveyed to each of them a parcel of income-producing real estate in New York City. The conveyance to Raymep was in 1932 and was made directly by the partners. That to Westrich was conveyed first by the partners to Paymer Bros. Realty Corp. Inc., a corporation wholly owned by them, and was then by it deeded to Westrich. In each instance, each of the two partners received half of the stock of the grantee in exchange for the property. The minutes of a meeting of directors and stockholders of each grantee held about the time the property was deeded to it contain the following statement:

"The said conveyance was and is made with the express understanding that the corporation is only to hold title to the property, the beneficial interest and profits to be in the individual stockholders and the management and control of the property to be exclusively theirs. It is understood and agreed that this corporation was only organized for the convenience of the shareholders in the management thereof."

After these meetings neither corporate petitioner held any others. Neither ever elected any officers or directors after Samuel was elected president and Joseph treasurer at the organization meeting, ever had any office or bank account, or collected any income. The two partners managed the real estate conveyed as above and collected the income, paid the expenses, deposited the money received in the bank account of Paymer Bros., and used the net profits of the real estate as they pleased, treating that property as the partnership property it had formerly been. The leases existing on the real estate when the conveyances were made were not assigned to the corporations and nothing was done by Westrich in respect to the property held in its name. That is not true, however, as to Raymep for a loan of $50,000 was obtained by it in 1938 and as part security for the loan it assigned to the lender all the lessor's rights, profits and interest in two leases on the property and covenanted that they were in full force and effect and that it was the sole lessor.

Capital stock tax returns were filed by both Raymep and Westrich for the fiscal year ended June 30, 1938. During 1938 the two partners received gross rentals amounting to $18,999.86 from the property to which Raymep held the title and $3300. from that whose title was held by Westrich.

The petitioners, acting on the advice of their accountant, included the 1938 income from the property held by these corporations in their own partnership information return for that year, in which they also included the incomes and expenses of two other corporations wholly owned by them. The net income so reported was treated as the net income of the partners in their returns.

■■ The petitioners now contend that Raymep and Westrich were mere "dummies" which held the legal title to property owned by the two individual petitioners and that both corporations are to be disregarded for income tax purposes. As a general rule a corporation is a taxpayer separate and distinct from its stockholders. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 442, 54 S.Ct. 788, 78 L.Ed. 1348. And this applies to a corporation wholly owned by one stockholder. Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399. But there are exceptions and the corporate form will be disregarded where it serves no business purpose and is but a sham. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355. So, too, a taxpayer may gain the advantage of doing his own business through a wholly owned corporation if he pleases, but the treasury may disregard the separate corporate entity where it serves but as a shield against taxation and treat the one who actually may take the benefit of the income as the owner of the property which produces it and tax him accordingly. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406. Yet the treasury may treat a corporation as a separate taxable entity when its organization "is followed by the carrying on of business by the corporation." Moline Properties v. Commissioner of Internal Revenue, 319 U.S. 436, 439, 63 S.Ct. 1132, 1134, 87 L.Ed. 1499.

■ We think that Raymep was active enough to justify holding that it did engage in business in 1938. The absence of books, records and offices and the failure to hold corporate meetings are not decisive on that question. Though Raymep was organized

solely to deter creditors of one of the partners, it apparently was impossible or impracticable to use it solely for that purpose when it became necessary or desirable to secure the above mentioned loan in a substantial amount. There was, to be sure, less business activity than was shown in Sheldon Building Corporation v. Commissioner of Internal Revenue, 7 Cir., 118 F.2d 835, but we think enough did appear to make the principles applied in that case applicable to Raymep and that the decision of the Tax Court should be affirmed as to the taxability of that corporation. Compare, Watson v. Commissioner of Internal Revenue, 2 Cir., 124 F.2d 437; Vim Securities Corporation v. Commissioner of Internal Revenue, 2 Cir., 130 F.2d 106, and Palcar Real Estate Co. v. Commissioner of Internal Revenue, 8 Cir., 131 F.2d 210.

Westrich, however, was at all times but a passive dummy which did nothing but take and hold the title to the real estate conveyed to it. It served no business purpose in connection with the property and was intended to serve only as a blind to deter the creditors of one of the partners. It was but a sham to be disregarded for tax purposes. Gregory v. Helvering, supra. See, also, 112 West 59th Street Corporation v. Helvering, 62 App.D.C. 350, 68 F.2d 397; and North Jersey Title Ins. Co. v. Commissioner of Internal Revenue, 3 Cir, 84 F.2d 898.

There remains the question of the assessment of the penalty against Raymep, that against Westrich being necessarily erroneous under our holding that it was not a taxpayer in 1938. While it is true that ignorance of the law will not excuse the failure of a taxpayer to file a return, no penalty may be imposed where a reasonable cause for the failure is shown. Girard Investment Co. v. Commissioner of Internal Revenue, 3 Cir., 122 F.2d 843; Hartford-Connecticut Trust Co. v. Eaton, 2 Cir., 34 F.2d 128. The applicable statute, § 291 of the Revenue Act of 1938, 26 U.S.C.A. Int. Rev.Code, § 291, does not make the imposition of the penalty for failure to file a return mandatory but provides for its imposition "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Raymep admittedly filed no returns and consequently had the burden to prove that the failure was excusable within the clause of the statute just quoted. T.R. 101, Art. 291-1. It was held in Commissioner of Internal Revenue v. Lane-Wells

Co., 321 U.S. 219, 225, 64 S.Ct. 511, 514, 88 L.Ed. 684, that, "The question is one of fact in the first instance for the Board's determination. Dobson v. Commissioner [of Internal Revenue], 320 U.S. 489, 64 S.Ct. 239 [88 L.Ed. 248.]" The Tax Court considered the evidence introduced on that subject and determined that reasonable cause for the failure had not been shown. Such a decision turns upon the particular circumstances in the case presented rather than on any "generalizing principle" and therefore presents no reviewable issue. Commissioner of Internal Revenue v. Estate of Edward Bedford, 65 S.Ct. 1157.

The income taxes of the individual petitioners will be adjusted on the remand, and as no difficulty in doing that is now to be foreseen, nothing is now said on that subject.

Decision affirmed in part and reversed in part, and cause remanded for further proceedings in accordance with this opinion.