JOHN A. MULLIGAN, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23275. Promulgated June 29, 1951.

John A. Mulligan, pro se.
Thomas R. Charshee, Esq., for the respondent.

1492

OPINION.

OPPER, *Judge:* Although petitioner who is not a lawyer represented himself in this proceeding and perhaps for this reason the record and contentions are not presented as cogently as they might be, we think the facts demonstrate that this situation falls in that numerous group where the holding of bare legal title to real property is found to be an insufficient ground for taxing income to a corporation having no other function. *Archibald R. Watson*, 42 B. T. A. 52, 59, affd. (other issues) (C. A. 2), 124 F. 2d 437; *Dallas Downtown Development Co.*, 12 T. C. 114, acq. (1950-1 C. B. 2); *United States* v. *Brager Bldg. & Land Corp.* (C. A. 4), 124 F. 2d 349; *Paymer* v. *Commissioner* (C. A. 2), 150 F. 2d 334; see *Estate of L. B. Whitfield*, 14 T. C. 776, where we said at p. 782:

* * * If the Realty Co. had no purpose other than to hold bare title, and did not engage in business, as petitioners assert, the case would fall within a recognized exception to the general rule [that a corporation is a taxpayer separate and distinct from its stockholders]. * * *

See also Cleary, "The Corporate Entity in Tax Cases," 1 Tax Law Review 3, 11.

We think the record amply demonstrates that petitioner's alleged corporate transferor was employed purely as a convenient means of continuing to hold the real property owned by the estate of which petitioner was administrator. The corporation is shown to have undertaken no activities of its own and did not even exist as a conduit through which the rental income was collected and expenses paid, cf. *Lewis Eugene Grigsby Trust*, 5 T. C. 51, all of these items having, under the supervision of the Surrogate's Court exercising jurisdiction over the estate, been carried into the separate bank account of the estate.

Respondent's affirmative defense of estoppel was not sustained by evidence and indeed could not be. It is conceded that no greater tax would have been due had the income been reported from the beginning as that of the estate. No advantage was secured by the existence of the corporation since even personal liability of the beneficiaries was avoided by the intervention of the estate as effectively as it would have been had the corporation been availed of. Finally, no return having been filed, the statute of limitations has not run as to the tax against the estate on the sale, if any is due, which is difficult to conceive.

Since we conclude that the transferor corporation owed no tax, it follows that no transferee liability can attach to petitioner. *Archibald Sherrod*, 16 B. T. A. 622.

*Decision will be entered for the petitioner.*