OPINION. KeRn, Judge: Tlie deficiency involved in this case results from the respondent’s determination that the so-called interest payments here involved, although in form the payments of interest called for by promissory notes, were, as a matter of economic reality and for Federal income tax purposes, the distributions of income to the investors of equity capital, and were therefore not deductible as interest under section 23 (b) of the Internal Revenue Code of 1939. The petitioner on brief does not contend that these payments constituted deductible payments of interest. Its argument is that respondent has not gone far enough in applying the doctrine that in Federal tax matters substance shall prevail over form, and that under the peculiar facts of this case that doctrine requires that the corporate entity of petitioner separate and apart from its shareholders be ignored and that the income which is in form that of the corporate petitioner should be considered as being, in reality and for Federal tax purposes, the income of its shareholders taxable to them and not to petitioner. Upon the question of when and under what circumstances the corporate entity may be disregarded for Federal tax purposes, the law has been succinctly stated by the United States Court of Appeals for the Second Circuit in Jackson v. Commissioner, 233 F. 2d 289, 290, affirming 24 T.C. 1, as follows: A corporation may not be disregarded in respect of taxation if, inter alia, a bona fide intention in creating it was that the corporation itself should have some real substantial business function,[1] or if it actually engages in business; on the other hand, the corporation may be disregarded, in the absence of such an intention or activity. The intended or actual business functioning of the corporation itself, not the taxpayer’s aim to be accomplished via the corporation, is the test.[2] See also Langdon L. Skarda, 27 T.C. 137, 145, affd. 250 F. 2d 429. Examples of fact situations in which “a corporation may not be disregarded in respect of taxation” are found in Estate of L. B. Whitfield, 14 T.C. 776; Langdon L. Skarda, supra; Harry F. Shannon, 29 T.C. 702; and Given v. Commissioner, 238 F. 2d 579 (affirming a Memorandum Opinion of this Court). Examples of fact situations in which a corporation may be so disregarded are found in Paymer v. Commissioner, 150 F. 2d 334, and John A. Mulligan, 16 T.C. 1489. See also Bartell Hotel Co., 32 T.C. 311. Such fact situations in which the general rule (that a corporation should be considered for tax purposes as an entity separate and distinct from its stockholders) is not applicable are, in the examples given, where for the convenience of owners of real property[2] title to such property is transferred to and held by a corporation which thereafter does not itself engage in any business activity with regard thereto, such as mortgaging such property, executing leases, collecting rentals, making improvements, maintaining a bank account, or negotiating sales. The facts in the instant case more closely resemble those present in John A. Mulligan, supra, than those of any other case brought to our attention by the voluminous briefs filed by the parties. The only reason for the creation of petitioner corporation and the transfer to it of the real property (including the lease) was to convenience the owners of the property with regard to matters incident to the holding of title thereto. It was never intended that the corporation should, and the corporation did not perform any real substantial business function or engage in a business activity with regard to the property. It executed no leases, mortgages, or sales. It made no improvements or repairs, and paid no taxes on the property. It maintained no bank account and had no working capital. The rentals were collected by the same persons who collected them before the formation of petitioner and were credited to the checking accounts of the persons (or their heirs) owning the property prior to the passing of title to petitioner. The only things done by petitioner were to take steps necessary for the channeling of the income from the property to those owners (without itself receiving and depositing such income) and to take steps necessary for the preservation of its corporate life (and even this was in jeopardy for a period because of the carelessness of its officers with regard to its affairs). Petitioner did not exercise a substantial business function or actually engage in business after its creation by reason of acquiring the lease in return for the execution of its promissory notes. Respondent himself characterizes this transaction, and rightly so, as a contribution of capital with the notes evidencing equity ownership and a right to income rather than a debt. Under the peculiar facts of this case we conclude that the corporate entity of petitioner should be disregarded for Federal tax purposes and that the income which is in form the income of petitioner is in reality the income of its stockholders and should be taxable to them rather than to petitioner. Decision will be entered imder Rule SO. [This footnote omitted as irrelevant.] A natural person may be used to receive income which in fact is another’s. So, too, a corporation, although for other purposes a jural entity distinct from its stockholders, may be used as a mere dummy to receive income which in fact is the income of the stockholders or of someone else; in such circumstances, the company will be disregarded. Including long-term leases. See Lewis Eugene Grigsby Trust, 5 T.C. 51.