LINDSAY D. FRANKLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franklin v. Commissioner
Docket No. 14451-82.
United States Tax Court
T.C. Memo 1984-278; 1984 Tax Ct. Memo LEXIS 393; 48 T.C.M. (CCH) 158; T.C.M. (RIA) 84278; May 24, 1984. *393 Petitioner filed a document which purported to be a Form 1040 but which was altered in such a manner as to point out petitioner's frivolous position that wages are not subject to income tax. Petitioner instituted this proceeding claiming that wages are not subject to income tax. Held, respondent's motion to dismiss for petitioner's failure properly to prosecute is granted with respect to the deficiency and the addition to tax under section 6653(a). Held further, the document filed by petitioner is not a return and petitioner is liable for the addition to tax under 6651(a)(1). Held further, damages are awarded to the United States in the amount of $500 under section 6673. *394 Mark E. Rizik, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1980 in the amount of $9,051.40 and an addition to tax for that year in the amount of $452.57 under the provisions of section 6653(a)[1]. The respondent alleged in an amended answer that the petitioner was liable for a 25 percent *395 addition to tax under the provisions of section 6651(a)(1). The issues for decision are (1) whether petitioner is liable for the income tax deficiency as determined by the respondent; (2) whether petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations; and (3) whether petitioner failed to file a document which constitutes a Federal income tax return for the taxable year 1980, rendering him liable for an addition to tax under section 6651(a). The petitioner, Lindsay D. Franklin, resided at Ypsilanti, Michigan, at the time he filed his petition in this *396 case. Petitioner submitted to the Internal Revenue Service a document, dated April 5, 1981, which purported to be a Form 1040. On this document, the petitioner reported the amount of $29,042.47 as wages and attached a Form W-2 reflecting this amount. On line 23 of the document, petitioner deducted the same amount under the heading of "nontaxable receipts." In the notice of deficiency issued to petitioner for 1980, respondent included the amount of the wages, $29,042.47, in taxable income, and determined a deficiency of $9,051.40 and an addition to tax of $452.57 under section 6653(a). Petitioner filed a petition with this Court on June 23, 1982, contending that the amount of $29,042.47 represents "gross receipts for lost property/labor" and further stating that: "being that labor is property, the wage receipts of the petitioner as reported on his W-2 statements reflect only a return of lost property * * * therefore, the amount is not includable in gross income, adjusted gross income or taxable income." Petitioner also denies that he is liable for the negligence addition. Respondent timely filed an answer and requests that the Court award damages to the United States in the *397 amount of $500 in accordance with section 6673. In his reply, petitioner denies that he is liable for damages, alleging that his petition raised factual issues which have never been fully considered. Respondent filed an amendment to answer alleging that the document petitioner filed is not a tax return as required by section 6012 and that petitioner is liable for a 25 percent addition to tax pursuant to section 6651(a) for failure to file a return. Petitioner did not file a reply, therefore, the affirmative allegations in the amended answer are deemed denied. Rule 37(c). This case was called from the calendar for the trial session of the Court in Detroit, Michigan, on October 17, 1983. There was no appearance by or on behalf of the petitioner. On October 18, 1983, the case was recalled, and the petitioner again did not appear. At such time, respondent moved for judgment on the deficiency and the negligence addition based on the grounds that petitioner failed properly to prosecute. Respondent then introduced evidence with respect to the petitioner's liability for the addition to tax under section 6651(a). The respondent submitted into evidence an official blank 1980 Form 1040 and *398 a certified copy of the petitioner's purported 1980 return and called Revenue Agent Robert Bednarczyk to testify as to the differences. The document which petitioner filed purports to be an official Form 1040 but differs in several respects. An official 1980 Form 1040 contains an "Adjustments to Income" section consisting of the following entry lines: 23
Moving expense (attach Form 3903 or 3903F)
24
Employee business expenses (attach Form 2106)
25
Payments to an IRA (enter code from page 10---)
26
Payments to a Keogh (H.R. 10) retirement plan
27
Interest penalty on early withdrawal of savings
28
Alimony paid
29
Disability income exclusion (attach Form 2440)
30
Total Adjustments. Add lines 23 through 29
The document submitted by petitioner is virtually identical to an official 1980 Form 1040 except that it replaces the "Adjustments to Income" section with an "Adjustments to Receipts" section and consists of the following entry lines: 23
Non-taxable receipts
24
Title 26, Section 1(a)(b)(c)(d)
25 Brushaber v. Union Pacific R.R., 240 U.S. 1
26 Stanton v. Baltic Mining Co., 240 U.S. 103
27 Eisner v. Macomber, 252 U.S. 189
28 Murdock v. Penn., 319 U.S. 105
29
Penn Mutual Indemnity Co. v. Comm'r, 32 T.C.
(1959)
30
Total adjustments. Add lines 23 through 29
*399 In addition, in the signature section of page two, the following sentence has been added: "Signed involuntarily, under threat of statutory punishment." At the bottom of the document is printed the phrase "Copyright 1980, Eugene J. May." By letter dated October 24, 1983, Mr. Franklin requested that his hearing be rescheduled. He stated that to the best of his knowledge he did not know of the original hearing set for October 17, 1983. Also he states that he was indisposed on that date because he and his son were ill and his wife was operated on. Petitioner's request for another hearing date is denied. According to Court records, a notice of hearing was sent to petitioner by certified mail on July 26, 1983, at the same address indicated on his letter and the notice was not returned. Petitioner has not submitted any evidence other than his self-serving statement as to his inability to attend. In any event, a hearing on the merits would not serve any purpose. Petitioner does not dispute the facts. Petitioner does not deny in his petition that he received the wages referred to in the notice; he is contending instead that such wages are not taxable. This frivolous contention *400 has been considered and rejected by this Court in numerous prior cases, including a case involving petitioner for previous taxable years (Docket No. 4425-82, Order and Decision entered June 28, 1982), and merits no further discussion. See Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). With respect to the section 6653(a) addition, the petitioner has merely stated the conclusion that he did not act out of intentional disregard for the rules and regulations. [2] As the Court stated in its Memorandum Sur Order, granting respondent's motion for summary judgment in the prior case involving the petitioner: The addition to tax provided by section 6653(a) will not be applicable when a "bona fide dispute which presents substantial issues of law and fact" exists. Scott v. Commissioner [Dec. 32,463], 61 T.C. 654, 663 (1974). Petitioner's belief, however genuine, that his wages did not constitute income does not present such a dispute. It has been clear for decades that wages are income. Therefore we find that no bona fide dispute existed as to the taxability *401 of petitioner's wages and consequently that petitioner's underpayment of tax was due to negligence or intentional disregard of rules and regulations. [Footnote omitted] [Miller v. Commissioner,T.C. Memo. 1981-296.]
We find this language to be applicable here.
Petitioner has the burden of proof with respect to the deficiency and the negligence addition stated in the notice. Rule 142(a). With respect to these issues, respondent's motion to dismiss is granted. Rule 123(b). The remaining issue is whether petitioner is liable for the addition to tax under section 6651 for failure to file *402 a return. Because this issue was raised by respondent for the first time in his amended answer, respondent bears the burden of proof with respect thereto. Rule 142(a). Respondent has produced the official 1980 Form 1040 and the document submitted by petitioner as a Form 1040. The differences are apparent on their face. The question of what constitutes an adequate return is a legal one. Jarvis v. Commissioner,78 T.C. 646, 653 (1982). A return must contain sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells, Co.,321 U.S. 219, 222-223 (1944); Germantown Trust Co v. Commissioner,309 U.S. 304, 309 (1940), Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). A return will qualify as such even though not perfectly accurate or complete, if there has been an honest and genuine endeavor to satisfy the requirements of a return. Zellerbach Paper Co. v. Helvering,293 U.S. 172, 180 (1934); Florsheim Bros. Drygoods Co. v. United States,280 U.S. 453, 462 (1930). *403 United States v. Moore,627 F.2d 830, 834-835 (7th Cir. 1980). Reiff v. Commissioner,supra.In United States v. Moore,supra, the taxpayer had submitted Forms 1040 with Fifth Amendment objections and reported "de minimis" amounts of interest and dividend income. The Court, in holding that the forms did not constitute returns, stated-- The mere fact that a tax could be calculated from information on a form, however, should not be determinative of whether the form is a return. * * * there must also be an honest and reasonable intent to supply the information required by the tax code. * * * [Citations omitted.] * * * In the tax protestor cases, it is obvious that there is no "honest and genuine" attempt to meet the requirements of the code. In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information. See Jarvis v. Commissioner,supra at 654. Here petitioner has not made an honest and genuine *404 endeavor to file a return. The document which was filed is not an official Form 1040. [3]While courts have accepted as returns documents which were not the prescribed forms, they have done so where there is a good faith effort to satisfy the requirements of a return. Zellerbach Paper Co. v. Helvering,supra.Hartford-Connecticut Trust Co. v. Eaton,34 F.2d 128 (2d Cir. 1929). American Circus Joint Venture v. Commissioner,39 B.T.A. 605, 611-612 (1939). Instead of filing the prescribed Form 1040, petitioner filed a document which purports to be the official Form 1040 but is altered in such a manner as to point out petitioner's frivolous position that wages are not taxable. Petitioner reported the amount of his wages only to deduct them under the heading of "nontaxable receipts." As a result of this impermissible procedure, petitioner disavowed any tax liability. [4] The altered form clearly was not designed to inform the Commissioner of the petitioner's tax liability. It does not "on its face plausibly purport to be in compliance" *405 with the law. See Badaracco v. Commissioner, 464 U.S.     (Jan. 17, 1984). It was instead designed simply to advance petitioner's patently frivolous position. It is important in this context to consider the purpose for requiring returns to be filed. As the Supreme Court in Commissioner v. Lane-Wells, Co.,supra at 223, stated: "Congress has given discretion to the Commissioner to prescribe, by regulation, forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical *406 task of handling and verifying returns may be readily accomplished * * *." If the taxpayer is permitted to alter the prescribed return form in any manner he chooses so that he can protest his tax liability rather than report it, he has then effectively undermined the principle of self-assessment which, as the Supreme Court stated above, is so important to the administration of our tax laws. Further, it is particularly important in this computer age that returns are in some type of uniform format so that they can be readily examined, verified, and processed by modern state of the art electronic data processing equipment. To accept this document as a return "would disrupt the administration of the tax laws and serve to undermine the integrity of our self-assessment tax system." Reiff v. Commissioner, supra, at 1179. The Internal Revenue Service would be left in the Dark Ages in trying to cope with the volume of returns with which it is faced in the late twentieth century. We conclude that the document filed by the petitioner is not a return within the meaning of section 6651(a). In so concluding, we follow the court-reviewed opinion in Beard v. Commissioner, *407 82 T.C.     (May 24, 1984), which held that a document similar to the one present in this case was not a return. As is apparent from the face of the document filed, petitioner did not make a good faith effort to file an authentic return, but rather filed a document which set forth petitioner's frivolous protest position. We find petitioner's failure to file a proper return was deliberate and in open disregard of the statute and respondent's regulations. Petitioner's failure to file a return is due to willful neglect and not due to reasonable cause. Therefore, petitioner is liable for the addition to tax under section 6651(a). This section imposes an addition to the amount required to be shown as tax up to a maximum of 25 percent. Section 6651(b)(1) provides that the amount required to be shown (i.e., the deficiency amount where a return is not filed) is reduced by the amount of any credit (such as the credit for withheld taxes) against the tax which may be claimed. The pleadings show that there is no dispute that $5,356.40 of Federal income tax had been withheld from petitioner's wages. Therefore, the addition imposed by section 6651 is computed on the difference between *408 the deficiency, $9,051.40, and the amount of tax withheld, $5,356.40, or $3,695.00. Harris v. Commissioner, 51. T.C. 980 (1969). Because petitioner did not file a return, he is subject to the maximum of 25 percent of this amount or $923.75 (25% X $3,695). In his answer, respondent requests that maximum damages of $500 be awarded under section 6673 because petitioner instituted these proceedings merely for delay. Under the circumstances in this case, we agree with respondent. Here petitioner has instituted these proceedings and has asserted as his defense to the Commissioner's determinations nothing but the frivolous contention that wages are not taxable income. Petitioners with genuine controversies have been delayed while we considered this case. Indeed, petitioner knew or should have known when he filed his petition that he had no reasonable expection of receiving a favorable decision. Arguments identical to those raised by the petitioner have been considered several times in the past and have been consistently rejected as being without merit. Based on the record in this case, we must conclude that the petitioner has instituted this proceeding merely for delay and *409 that the maximum damages authorized by law ($500) are appropriate and will be awarded pursuant to section 6673. [5]
Decision will be entered for respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedures.↩
2. Petitioner also complains that the amount withheld from his wages was not taken into consideration in computing the negligence addition. Amount of withholding, however, is not considered in computing the deficiency or the underpayment attributable to negligence. See sections 6653(c)(1) and 6211(b)(1)↩. It is taken into account in computing the 6651(a) addition as discussed infra.
3. Printed at the bottom of the document is the phrase, "Copyright 1980, Eugene J. May." Mr. May was recently enjoined from marketing or distributing any "tax" forms which differ from the official Form 1040. United States v. May,555 F.Supp 1008↩ (E.D. Mich. 1983). 4. Although the petitioner reported some interest income, it alone was not sufficient in amount to result in a tax liability.↩
5. We note that in cases commenced after December 31, 1982, the Court may impose damages up to $5,000 for proceedings instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. See sec. 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574.↩