CECIL D. RHOADS AND JANET RHOADS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rhoads v. Commissioner
Docket No. 18996-84.
United States Tax Court
T.C. Memo 1987-335; 1987 Tax Ct. Memo LEXIS 335; 53 T.C.M. (CCH) 1308; T.C.M. (RIA) 87335; July 7, 1987. *335 Ps operated a dental practice through two corporations owned by them. P Corp. provided dental care to patients. S Corp. provided support to the dental practice and held title to the tangible assets of such practice. Held:
(1) S Corp. was formed for a valid business purpose and engaged in business activity. Therefore, S Corp. is entitled to recognition for Federal income tax purposes. (2) Deficiency determined with respect to Ps' dental practice is redetermined. Hugh V. Banta, for the petitioners. Brett J. Miller, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $13,438.09 for 1980 and $6,054.50 for 1981. After concessions, the issues for our decision are: (1) Whether a corporation owned and operated by the petitioners to provide support for their dental practice should be recognized for Federal income tax purposes; and (2) whether a partnership and a corporation operated by the petitioners are entitled to deduct costs claimed to be attributable to such dental practice. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. At the time the petition was filed in this case, the petitioners Cecil D. and Janet Rhoads, husband and wife, resided in Indianapolis, Indiana. They filed their joint Federal income tax returns for 1980 and 1981 *338 with the Internal Revenue Service Center in Memphis, Tennessee. Dr. Rhoads was a dentist licensed by the State of Indiana. After graduating from dental school, he began working as a dentist at Central State Hospital (the hospital) in Indianapolis. He remained a full-time employee of the hospital during the years in issue. Mrs. Rhoads was a dental technician. During the years in issue, she worked part-time as a dental technician at the hospital. In addition to his work at the hospital, Dr. Rhoads operated his own dental practice during the evening hours and on weekends. He was also available to provide emergency dental care. Mrs. Rhoads worked with him in the dental practice. The Rhoads formed D.J. Partnership (the partnership) on January 1, 1977, to support such practice. Dr. and Mrs. Rhoads were the only partners of the partnership. In 1980, Dr. Rhoads determined that he could limit his professional liability by operating the dental practice in corporate form. Consequently, the petitioners dissolved the partnership on November 17, 1980. On the same day, they formed Rhoads Service Corporation (Service Corp.). The petitioners were the sole shareholders, officers, and *339 directors of Service Corp. during the years in issue. Dr. Rhoads also incorporated Rhoads Professional Dental Corporation (Professional Corp.) on December 1, 1980. He was the president, sole shareholder, and only employee of Professional Corp. during the years in issue. Both Service Corp. and Professional Corp. filed valid elections under section 1372, Internal Revenue Code of 1954, [1] to be treated as small business corporations for Federal income tax purposes. Service Corp. maintained a tax year ending June 30. Professional Corp. maintained a tax year ending May 31. We shall identify a taxable year by the calendar year in which it ends. During the years in issue, both Service Corp. and Professional Corp. had their principal places of business in the same building in which the petitioners and their two daughters maintained their personal residence. The entire building contained 4,500 square feet. The dental office occupied one-third of the building. Such office was located in the first floor of the building, *340 and the petitioners lived on the second floor. The Rhoads were the first owners of the building. They designed the building to include the dental facility; such facility was not added to an existing structure. The petitioners lived in the building before it was fully operational as a dental facility. Service Corp. held title to the tangible assets used in the dental practice, such as dental equipment and office furniture. On November 17, 1980, Service Corp. entered into an agreement with Professional Corp. to "provide logistics support for the operation of the dental business of [Professional Corp.] * * * to include the payment of all expenses involved therein except payroll. Logistics support includes the maintenance of offices, dental professional office, dental laboratory facilities and employee facilities necessary for emergency and off hour patients." In exchange for these services, Professional Corp. agreed to reimburse Service Corp. for "all necessary and ordinary out-of-pocket expenses for the operation of the facility plus a ten percent (10%) surcharge for overhead." Pursuant to such contract, Service Corp. hired maintenance men occasionally to make needed repairs *341 on the dental facility. Such corporation also leased the tangible assets owned by it to Professional Corp. for use in the dental practice. Service Corp. collected fees from Professional Corp. for such services and deposited such fees into a checking account. Dr. and Mrs. Rhoads called and held meetings of the board of directors and shareholders of Service Corp.
In his notice of deficiency issued to the petitioners with respect to their 1980 and 1981 tax years, the Commissioner determined that Service Corp. had no business purpose other than to divert income and expenses to it from Professional Corp.; therefore, he determined that Service Corp. should not be recognized for Federal income tax purposes and that all income and expenses reported by such corporation on its 1981 Federal income tax return were attributable to Professional Corp. In addition, he determined that amounts deducted by Service Corp. on such return for depreciation, professional dues, auto expense, "employee sustenance," outside labor, and utilities were not adequately substantiated or were not ordinary and necessary business expenses of the corporation under section 162. The Commissioner also determined that *342 amounts deducted by the partnership on its Federal income tax return for 1980 for depreciation, utilities, insurance, "subsistence," auto expense, laboratory expense, business entertainment, and outside services were not adequately substantiated or were not ordinary and necessary business expenses of such partnership under section 162. OPINION The first issue presented for our decision is whether Service Corp. should be recognized for Federal income tax purposes. The Commissioner determined that such corporation existed solely to divert income to it from Professional Corp. and that its business activity was insufficient to justify its recognition as a separate taxable entity. Generally, the corporate organization will be respected except in "exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights." New Colonial Ice Co. v. Helvering,292 U.S. 435, 442 (1934), fn. ref. omitted. See also Noonan v. Commissioner,52 T.C. 907, 910 (1969), affd. per curiam 451 F.2d 992 (9th Cir. 1971). *343 The test of whether a corporation will be recognized as a taxable entity was stated by the Supreme Court in Moline Properties v. Commissioner,319 U.S. 436, 438-439 (1943): The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity. * * * [Fn. refs. omitted.] The determination of whether a corporation was formed for a business purpose and engages in business activities turns on the individual facts and circumstances of each case. Hospital Corp. of America v. Commissioner,81 T.C. 520, 580 (1983); Bass v. Commissioner,50 T.C. 595, 602 (1968). The petitioners have the burden of proving that Service Corp. is entitled to recognition for tax purposes. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Bass v. Commissioner,supra at 602. *344 Until November 1980, Dr. Rhoads' dental practice was carried on through the partnership. At such time, the partnership was dissolved and was replaced by Professional Corp. and Service Corp. When such corporations were formed, Indiana law prohibited non-professionals, such as Mrs. Rhoads, from owning shares in a professional corporation. Ind. Code Ann. sec. 23-1-13-4 (Burns 1971) (repealed and reenacted at Ind. Code Ann. sec. 23-1.5-2-3(a)(4) (Burns 1984)). Because her efforts were important to the success of the dental practice, it was reasonable for her to seek an ownership interest in the dental practice. Since she was prohibited by State law from owning an interest in Professional Corp., the petitioners formed Service Corp. to offer her such an interest. In our judgment, such an action demonstrates an effort to "serve the creator's personal or undisclosed convenience" ( Moline Properties v. Commissioner,319 U.S. at 439), and therefore we conclude that Service Corp. was formed for a valid business purpose. The Commissioner argues that the petitioners could have protected *345 Mrs. Rhoads' interests without the necessity of forming Service Corp. However, we believe that the petitioners' decision to incorporate Service Corp. was a business decision and one not substantially motivated by tax avoidance considerations. Cf. Jackson v. Commissioner,233 F.2d 289, 291 (2d Cir. 1956), affg. 24 T.C. 1 (1955). Under such circumstances, we decline to second guess the petitioners' business decision to form such corporation. See Hospital Corp. of America v. Commissioner,81 T.C. at 582. In addition to having a business purpose, Service Corp. engaged in business activity. It entered into an agreement with the petitioners to operate the building in which the dental practice was located. It held title to the tangible assets used in such practice, such as dental equipment and office furniture, and leased such assets to Professional Corp. Service Corp. also rendered services to Professional Corp. under the contract for logistics support. Service Corp. collected income from Professional Corp. under such contract and deposited it in a bank account. Service Corp. hired maintenance men to perform repairs on the facilities *346 used in the dental practice. While the petitioners were the sole shareholders of Service Corp., they were careful to respect its corporate identity. They held meetings of the board of directors and shareholders of such corporation. The corporation maintained a separate checking account and its own set of books and records. It also filed a Federal corporate income tax return for 1981. All of such conduct constitutes business activity. See Bass v. Commissioner,50 T.C. at 600. In summary, Service Corp. was formed for a business purpose and engaged in substantive business activity. We observe that this is not a case in which a corporation was formed solely to hold legal title to property to defeat the claims of creditors. Compare Jackson v. Commissioner,supra;Paymer v. Commissioner,150 F.2d 334, 337 (2d Cir. 1945). We have held that "the quantum of business activity [required to justify recognition for tax purposes] may be rather minimal." Hospital Corp. of America v. Commissioner,81 T.C. at 579; Strong v. Commissioner,66 T.C. 12, 24 (1976), affd. without published opinion 553 F.2d 94 (2d Cir. 1977). *347 Thus, we conclude that Service Corp.'s level of business activity was sufficient in this case and that therefore Service Corp. is entitled to be recognized for Federal income tax purposes. Such conclusion does not end our inquiry into the deductions claimed by Service Corp. In his notice of deficiency, the Commissioner disallowed deductions claimed by the partnership and by Service Corp. for lack of substantiation or because he determined that such deductions were not ordinary and necessary business expenses under section 162. The petitioners bear the burden of proving the Commissioner's determinations to be erroneous. Rule 142(a). Dr. Rhoads described the building in which the petitioners operated their dental practice and in which they maintained their personal residence as principally a dental facility with attached "living quarters." He readily admitted at trial that since he considered the entire building and the surrounding grounds to be incident to the dental facility, he deducted in full many household costs as a business expense of the dental practice. The Commissioner determined that such building was primarily the petitioners' personal residence and therefore disallowed *348 deductions for utility service, "employee sustenance," insurance, and depreciation on improvements made in and around the building. Thus, the proper characterization of the building is important to the resolution of these items. We have found as a fact that the entire building contained 4,500 square feet and that the dental offices occupied only one-third of the building. The parties have introduced into the record photographs of such building and the surrounding grounds. Such photographs show the dental facility to be contained in one wing off to the side of the building. Dr. Rhoads testified that the petitioners lived in such building before it was fully operational as a dental office. For such reasons, we conclude that the building served principally as the petitioners' personal residence. [3]
*349 In his notice of deficiency, the Commissioner disallowed costs of $2,860 deducted by the partnership as "outside services" in 1980 and $1,301 deducted by Service Corp. in 1981. He determined that such amounts were attributable to work performed in and around the petitioners' personal residence and that therefore such costs were not ordinary and necessary business expenses of the dental practice. The petitioners have offered three invoices to support a portion of the deduction claimed by the partnership. In 1980, the partnership paid $140 to have two bathrooms in the building wallpapered. Dr. Rhoads testified that the building had six bathrooms in all, and he was uncertain that the amount paid by the partnership was for work done in the bathrooms located in the dental office. For such reason, we conclude that the petitioners have failed to prove that such amount was an ordinary and necessary business expense of the dental practice. In 1980, the partnership also paid $160 to have the windows in the building washed. Although the window washer's invoice showed that 45 windows were washed, Dr. Rhoads testified that the dental facility had only 7 windows. Therefore, we hold that *350 the partnership is only entitled to deduct the cost of washing the windows of the dental facility (7/45 of $160). Finally, the partnership deducted $120 for landscaping services around the building in 1980. Since only one-third of the building was devoted to business use, the petitioners are only entitled to one-third of the deduction claimed by them with respect to landscaping (1/3 of $120). The petitioners have presented no credible testimony or documentary evidence in support of the remaining amount deducted by the partnership for outside services in 1980 or for any of such amount deducted by Service Corp. for 1981. For such reason, we hold that they have failed to prove that they are entitled to deduct the remaining amounts. The Commissioner disallowed insurance expense of $1,210.18 claimed by the partnership. At trial, Dr. Rhoads admitted that a portion of such expense was attributable to premiums for homeowner's, disability, automobile, and life insurance, and he conceded that such premiums were not deductible. However, he also claimed that a premium for malpractice insurance was included in the amount deducted. The cost of dental malpractice insurance is a deductible item *351 under section 162 (cf. Herman v. Commissioner,84 T.C. 120, 131 (1985)), but since Dr. Rhoads was unable to recall the premium paid for such insurance, we have no basis for determining the amount of a deduction to which the partnership might be entitled. Accordingly, we hold that none of the insurance expenses is deductible. The Commissioner also disallowed automobile expenses of $2,578.87 deducted by the partnership and $1,654.00 claimed by Service Corp. Most of such amounts were attributable to the cost of traveling from the petitioners' residence to their jobs at the hospital in the morning and returning home in the evening. Since the dental practice is also located in the Rhoads' residence, they claim that when they traveled between the hospital and their home, they were in effect traveling between their two places of business. Consequently, they argue that the cost of such travel is deductible. This Court faced a similar issue in Mazzotta v. Commissioner,57 T.C. 427 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972). In that case, the taxpayer sought to deduct the cost of traveling from his day job to his residence, *352 which was also the place of employment of his second job. We held that such cost was not deductible, stating that "The primary motivation for * * * [the taxpayer's] trips from his major place of employment to his residence was personal. The primary purpose for these trips was to be home (in the popular sense of the term)." 57 T.C. at 429. We believe that the same reasoning applies in the present case. The primary purpose of the petitioners' trips to their residence each night was not to work at the dental practice, but simply to be at home. We have no doubt that they would have returned home even if no evening appointments were scheduled or if no emergencies were anticipated. For such reason, we hold that the cost of traveling from the Rhoads' residence to the hospital and back is a nondeductible commuting expense. Commissioner v. Flowers,326 U.S. 465 (1946); Hamblen v. Commissioner,78 T.C. 53 (1982); Mazzotta v. Commissioner,57 T.C. at 429. Dr. Rhoads also testified that he occasionally came home from the hospital during his lunch hour to catch up on paperwork in the dental office. Under such circumstances, *353 he returned to the residence primarily to perform the responsibilities of his second job. As a general rule, the cost of traveling between two places of employment is an ordinary and necessary business expense under section 162. Fausner v. Commissioner,55 T.C. 620, 627 (1971). However, Dr. Rhoads failed to show the number of days on which he returned home at lunch or the total mileage driven for such purpose. Therefore, we again have no basis for determining the amount of a deduction to which he might be entitled, and we hold that the petitioners have failed to prove that they are entitled to deduct any of the automobile expenses. Cf. Williams v. United States,245 F.2d 559 (5th Cir. 1957). The partnership deducted $2,503.00 as utility expense in 1980, and Service Corp. deducted $1,079.00 as utility expense in 1981. The Commissioner disallowed $429.43 of the amount claimed by the partnership and the entire amount deducted by Service Corp. on the ground that such costs were not ordinary and necessary business expenses of the dental practice. The expenses *354 of maintaining a household, including amounts paid for utilities, are considered to be personal living expenses and are therefore not deductible. Sec. 262; sec. 1.262-1(b), Income Tax Regs. Since the petitioners' dental practice occupies only one-third of the building, only the portion of the utility expense attributable to such business use is deductible under section 162. In his notice of deficiency, the Commissioner allowed the partnership to deduct much more than one-third of the amount paid by it for utility service in 1980. The petitioners have introduced no evidence to show that the partnership is entitled to a greater deduction than that allowed by the Commissioner. For such reason, we hold that they failed to sustain their burden of proof with respect to the claim by the partnership. In his notice of deficiency, the Commissioner disallowed the entire amount paid for utility service by Service Corp. We hold that such corporation is entitled to a deduction of one-third of such cost (1/3 of $1,079). The Commissioner also disallowed "subsistance" expense of $2,032 deducted by the partnership and "employee sustenance" expense of $1,064 deducted *355 by Service Corp. Dr. Rhoads admitted that such amounts were spent to purchase groceries for the petitioners and their daughters during the years in issue. Generally, meal expenditures are, by nature, considered to be personal expenses and consequently are not deductible. Sec. 262; sec. 1.262-1(a), Income Tax Regs. However, the petitioners contend that since their dental practice offered care on an emergency basis, they were required always to be on the premises to provide such care. They claim that they had to take their meals at home, because the nature of their dental practice made them "on duty" at all times while at home. Consequently, the petitioners argue that the groceries were furnished for the convenience of their employers, namely the partnership and Service Corp., and that the cost of such groceries was an ordinary and necessary business expense under section 162. Although the petitioners may have eaten meals while conducting business at their residence, they did so for their own convenience. The meals taken at their residence were an incident of *356 their home life and not of their business. The mere possibility of being called upon to render dental service does not convert what is essentially a personal living expense into a cost of doing business. For such reason, we hold that the amounts claimed with respect to these items are not deductible. Mazzotta v. Commissioner,57 T.C. at 430; see also United States v. Correll,389 U.S. 299 (1967). The Commissioner disallowed depreciation deductions of $7,568 claimed by the partnership for 1980 and $8,809 claimed by Service Corp. for 1981. Such deductions were attributable to various motor vehicles, furniture, improvements to the building, and a parking lot claimed to have been used in the dental practice. The petitioners have conceded that deductions claimed by both the partnership and Service Corp. with respect to a 1968 Volkswagen and the parking lot were improper because they were not owned by such entities during the years in issue. In addition, Dr. Rhoads admitted that he traded in a Camaro and an Alpha Romeo automobile in 1980 and conceded *357 that deductions for such assets by Service Corp. in 1981 were not allowable. A depreciation deduction is allowed only with respect to property used in a trade or business or held for the production of income. Sec. 167(a). Depreciation is not allowable for the personal use of a motor vehicle or for furniture used in a personal residence. Sec. 1.262-1(a), Income Tax Regs.
In addition to the items conceded by the petitioners, the Commissioner disallowed depreciation deductions claimed by the partnership and Service Corp. with respect to a 1980 Cadillac Seville, a 1980 Oldsmobile, a 1974 Ford Pinto, and a Yamaha Enduro motorbike on the ground that such assets were not used in the petitioners' trade or business. At trial, Dr. Rhoads testified that the vehicles were all used in his dental practice. He gave no indication as to the nature or extent of the business use of each vehicle, except to state that he or members of his family used them occasionally to pick up supplies for the practice. Dr. Rhoads' testimony is not convincing in this regard, especially since *358 he admitted that he deducted in full any expense that seemingly related to the business. His testimony was too general and too vague to be persuasive, and we hold that the petitioners have failed in their burden of proving that they were entitled to the depreciation deductions for the automobiles claimed by them. The Commissioner also disallowed depreciation deductions taken by the partnership and Service Corp. with respect to furniture claimed to have been used in the petitioners' dental office. The Commissioner determined that the furniture was purchased for use by the petitioners in their personal residence. Dr. Rhoads testified that the partnership spent $433 in 1976 to purchase office furniture for the dental facility, $5,200 in 1979 for furniture for the facility's waiting room, and $2,227 in 1980 for furniture in the recovery room. We find his testimony to be credible on this point and the amounts spent to purchase such furniture to be reasonable. For such reason, we conclude that the partnership and Service Corp. are entitled to the depreciation deductions claimed by them with respect to such items. The partnership also spent $23,422 to purchase furniture in 1977. Dr. *359 Rhoads claimed that such furniture was used in the dental facility. However, he admitted that a "substantial" amount of such furniture was actually located in his personal residence. He was unable to estimate the cost of the furniture which was used for business purposes. His testimony regarding this item offers us no reasonable basis to determine the amount which might be depreciated. For such reason, we hold that the petitioners have failed to prove that the Commissioner's determination with respect to this item was erroneous. The Commissioner also disallowed a depreciation deduction claimed by Service Corp. with respect to a 1969 Ford pickup truck. Dr. Rhoads testified that such pickup truck was used for landscaping work and snow removal around the dental facility. The photographs of the petitioners' residence contained in the record show a large parking lot used by patients visiting the dental office. A pickup truck undoubtedly would be useful in maintaining such an area. Thus, we accept Dr. Rhoads' testimony regarding the business use of the pickup truck and hold that Service Corp. is entitled to a depreciation deduction with respect to it. The Commissioner also disallowed *360 depreciation deductions with respect to improvements, rugs, and curtains purchased by Service Corp. The petitioners offered no testimony or documentary evidence in support of such deductions. Thus, we again hold that they have failed in their burden of proving that the Commissioner's determinations with respect to such items were erroneous. The Commissioner also determined that the partnership and Service Corp. were not entitled to investment tax credits claimed with respect to various assets on the ground that such assets were not used in the petitioners' trade or business. In general, an investment tax credit is permitted on "property with respect to which depreciation * * * is allowable and having a useful life * * * of 3 years or more." Sec. 48(a)(1). We have held that depreciation is allowable only with respect to the Ford pickup truck and furniture purchased by the partnership in 1976, 1979, and 1980. Consequently, only such assets qualify for the investment tax credit. Sec. 48(a)(1). We sustain the Commissioner's determinations relating to the disallowance and recapture of the investment tax credit with respect to the remaining items contained in his notice. The partnership *361 deducted $10,162.00 for laboratory fees in 1980, and Service Corp. claimed $4,258.00 in such fees in 1981. The Commissioner disallowed $762.48 of the amount claimed by the partnership and the entire amount claimed by Service Corp. for the reason that such costs were not adequately substantiated. At trial, Dr. Rhoads testified only as to the nature of the services purchased by such expenditures. He did not testify as to the amounts claimed, nor did he introduce invoices, receipts, cancelled checks, or any other documentary evidence to prove that such amounts had actually been expended. Thus, we hold that the petitioners have failed to prove that the partnership is entitled to a greater deduction than that allowed by the Commissioner. The deduction claimed by Service Corp. presents a different question. Although the Commissioner disallowed the entire amount of such deduction for lack of substantiation, we recognize that an active dental practice requires that some amounts be incurred for laboratory services. In circumstances in which we are convinced that some expense has been incurred for business purposes, we may estimate the amount of deduction allowable. Cf. Merians v. Commissioner,60 T.C. 187, 190 (1973). *362 After reviewing the entire record and bearing heavily against the petitioners who are responsible for the uncertainty and lack of substantiation, we hold that a deduction of $1,600 is allowable for the laboratory expenses of Service Corp. for 1981. Finally, the Commissioner disallowed for lack of substantiation business entertainment expenses of $424.28 deducted by the partnership for 1980. The petitioners failed to present any evidence in support of this deduction. Therefore, we conclude that they have failed to carry their burden of proving that the Commissioner's determination was erroneous with respect to this item. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. Section 280A(a) disallows deductions with respect to the use of a dwelling unit which is also used as the taxpayer's personal residence. The parties have not argued the applicability of section 280A in this proceeding. If they had, we believe that the deductions allowed with respect to the petitioners' dental office would be allowable under the exception to the general rule of sec. 280A(a) contained in sec. 280A(c)(1)(B)↩.